FREDERICK A. HATCH *vs.* SIMON G. JERRARD.

Penobscot. Opinion April 19, 1879.

*Attachment. Release. Lien.*

The plaintiff, having property seized upon execution, authorized the officer to apply it for the benefit of subsequent attachers, relying upon a promise of the debtor to pay to him the execution: *Held,* that the plaintiff, upon a failure of the debtor to keep his promise, could countermand the authority, so far as it had not been acted upon by the officer, and retain his lien upon the property attached.

ON REPORT.

ACTION of the case against defendant, as sheriff of the county, for the official neglect of his deputy, G. S. Bean. Writ dated March 13, 1878.

The plaintiff introduced writ, *Hatch v. Carter et al.,* dated October 1, 1876, for balance due for rent, on which the livery stock of the defendants was attached; and subsequently the property so attached was sold by the officer, on the writ, according to law, for $770.70.

The action was entered, and judgment recovered, at the October term, 1877, for $248.33 debt, and $13.98 cost. Execution was duly issued and seasonably placed in the deputy's hands, who made his return thereon.

A. W. Paine, plaintiff's attorney in said action, testified that his client agreed to take a note of Carter & Carter, who were intending to carry on the business of Carter & Emery, on receiving which his attachment was to be released; but that he did not communicate the agreement to the defendant, except as hereafter stated.

On the ninth of December, 1876, said Paine left with the defendant, at his office, a paper of that date, directed to G. S. Bean, deputy sheriff, of the following tenor: " *Hatch* v. *Carter* is settled so as to let the subsequent attachers take all the money except your costs and mine, Mr. Carter and his partner to give a note for the amount of back rent due. My costs agreed at $5. Give me credit for that amount."

The deputy received it and claiming to act under it paid over, of the proceeds, to the subsequent attaching creditors, $604.22 on December 18, 1876, without seeing Mr. Paine in the intervening time. The remaining $155 were paid over on May 8, 1877, after he had been informed of Mr. Paine's claim that a note should be given upon settlement, and his complaint that it was not so given. On the payment of the $155 last mentioned, to the subsequent attaching creditors, the defendant took a contract of indemnity for the payment of said last mentioned sum, and the sum of $604.22, against this claim of Mr. Hatch.

No note of Carter & Carter has been given, but the parties, who were to give it, declined to give the same.

*A. W. Paine,* for the plaintiff.

*C. N. Hersey,* for the defendant.

PETERS J. The plaintiff had an execution against certain persons. The deputy of the defendant held the execution, together with the proceeds of certain attached property to be applied thereon. The plaintiff arranged with the debtors to release his lien upon the proceeds of the property upon the production of a certain consideration therefor. The promised or expected consideration did not come. The plaintiff, supposing it would come, ventured to notify the deputy that the money might be diverted from his execution and be paid upon the executions of others who attached the property subsequently to his attachment. So far as the officer acted upon this permission the plaintiff must be bound by it. But the officer was but the agent of the plaintiff, and (within legal bounds) under his control and direction. The plaintiff could withdraw his order or modify it, so far as it had not been acted upon.

If the plaintiff misinformed the officer, he should not suffer beyond what the officer did based upon the mis-information. The plaintiff was under no obligation to any one to surrender the property. Nor was the officer bound to do so. After notice from the plaintiff countermanding the direction he had no excuse for doing so. He wisely took an indemnity before doing so. The contro-

versy is therefore between the plaintiff and the subsequent attachers.

*Defendant defaulted for $155 and*
*interest from date of writ.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.